IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FRANKENMUTH INSURANCE COMPANY,

    Plaintiff,

v.

AMERICAN LEGION POST 115, INC., ERICA KENLEY and TRISTAN KENLEY,

    Defendants.

Case No.
Hon.
Magistrate Judge

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Frankenmuth Insurance Company ("Frankenmuth"), by counsel, brings this action seeking Declaratory Judgment pursuant to 28 U.S.C. § 2201 and Fed. R. Civ. P. 57 based upon the matters discussed below, and in support thereof alleges as follows:

**NATURE OF THE ACTION**

1. This is an action pursuant to the federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, and Rule 57 of the Federal Rules of Civil Procedure, to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for Defendant American Legion Post 115, Inc. ("Legion Post 115") under a commercial policy of insurance issued to it by Frankenmuth f/k/a Frankenmuth Mutual Insurance Company bearing policy number 6613711 for the period of January 19, 2021 to January 19, 2022 ("Policy").

2. This Complaint seeks to determine and resolve questions of actual controversy regarding the respective rights, duties and obligations of Frankenmuth under the Policy regarding insurance coverage for Legion Post 115 for the lawsuit entitled *Erica*

*Kenley and Tristan Kenley v. Levi J. King, American Legion Post 115, Inc., The American Legion – Indiana Branch, American Legion Auxiliary, and American Legion Auxiliary Department of Indiana, Inc.*, pending in Pike County Superior Court, cause number 63C01-2207-CT-000185 ("Kenley Lawsuit").

3. Specifically, Frankenmuth seeks a declaration that any indemnity coverage available to Legion Post 115 under the Policy arises solely under the Liquor Liability Coverage Part of that Policy, and that any coverage thereunder is limited to the "Each Common Cause" limit of liability of $100,000, regardless of the number of claims, claimants or insureds that may be alleged in the Kenley Lawsuit.

4. Frankenmuth seeks one or more other declarations regarding the rights and obligations of the parties under the Policy in connection with the Kenley Lawsuit and the claims at issue therein.

5. By including Erica Kenley and Tristan Kenley ("Kenley Plaintiffs") herein as interested parties, Frankenmuth also seeks a ruling regarding coverage that limits any recovery from Frankenmuth in connection with any judgment or other amount for which Legion Post 115 ultimately may be responsible to the Kenley Plaintiffs to the declarations, coverages, and limits of insurance identified herein.

## THE PARTIES

6. Frankenmuth is incorporated under the laws of Michigan and maintains its principal place of business in Frankenmuth, Michigan.

7. Upon information and belief, American Legion Post 115, Inc. is incorporated under the laws of Indiana and maintains its principal place of business in Winslow, Indiana.

8. Upon information and belief, Erica Kenley is a citizen of Indiana.

9. Upon information and belief, Tristan Kenley is a citizen of Indiana.

## JURISDICTION AND VENUE

10. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because the controversy is between citizens of different states and the amount in controversy exceeds the minimum jurisdictional amount of $75,000, exclusive of interest and costs.

11. Specifically, plaintiffs Erica Kenley and Tristan Kenley ("Kenley Plaintiffs") in the Kenley Lawsuit have sought hundreds of thousands of dollars in damages from the defendants therein, including a demand for the aggregate limits of insurance identified in the Policy. Those amounts in turn have been demanded from Frankenmuth under the Policy.

12. Venue is proper in the Southern District of Indiana, pursuant to 28 U.S.C. § 1391(b)(1), because upon information and belief, each of the Defendants are residents of Pike County, Indiana, which falls within this judicial district.

## GENERAL ALLEGATIONS

13. As alleged in the Kenley Lawsuit, including via the Third Amended Complaint filed on November 21, 2023 ("TAC"), the Kenley Plaintiffs allegedly sustained injuries resulting from an altercation with Levi J. King ("King") that took place on January 1, 2022 at premises owned or operated by Legion Post 115. **Exhibit 1**.

14. The TAC alleges that Legion Post 115 negligently overserved the Kenley Plaintiffs and King with alcohol during the evening of December 31, 2021 and early morning of January 1, 2022, and claims that allowed King to remain on the premises when Legion Post 115 knew or should have known that he posed a potential hazard to other patrons.

15. The TAC alleges that King assaulted and battered both of the Kenley Plaintiffs causing serious bodily injury to both of the Kenley Plaintiffs.

16. The TAC alleges that Legion Post 115's negligence was a proximate cause of the Kenley's injuries resulting from the assault and battery by King.

17. Frankenmuth issued a commercial policy to Legion Post 115 bearing policy number 6613711 with an effective policy period of January 19, 2021 to January 19, 2022. **Exhibit 2**.

18. Legion Post 115 notified Frankenmuth of the Kenley Lawsuit, and requested coverage for same.

19. By letter dated August 11, 2022, Frankenmuth notified Legion Post 115 that it had retained counsel for it in the Kenley Lawsuit and would be providing a defense under reservation of rights. **Exhibit 3**.

20. The August 11, 2022 letter to Legion Post 115 also noted that "If there is a trial and the verdict exceeds your policy limits of $100,000/$100,000 liquor liability, you would be responsible for any amount awarded in excess of your policy limits." *Id*.

21. By letter dated October 10, 2022, Frankenmuth further advised Legion Post 115 in connection with its reservation of rights under the Policy that coverage under the Policy's Liquor Liability coverage part was limited to limits of liability of $100,000 Each Common Cause and $200,000 Aggregate. **Exhibit 4**.

22. Frankenmuth issued additional letters dated July 20, 2023 and October 20, 2023 to Legion Post 115 explaining the above limits of insurance available under the Policy and their application to the claims at issue in the Kenley Lawsuit. **Exhibit 5**.

23. The Kenley Plaintiffs have asserted claims against and seek damages from Legion Post 115, and thus are interested and necessary parties to this action as the rulings by this Court regarding the availability of insurance and policy limits to Legion Post 115 under the Policy in connection with their claims will be determinative and binding with respect to available remedies and recoveries.

24. While they have no direct rights or standing under the Policy, the Kenley Plaintiffs have "disputed" that coverage under the Policy's Liquor Liability coverage part is limited to $100,000 for each common cause, and have taken the position that the aggregate limit of $200,000 applies for any potential liability against Legion Post 115 in the Kenley Lawsuit. **Exhibit 6**. The Kenley Plaintiffs also have asserted that they intend, improperly so, to seek these policy limits and pursue other claims directly from Frankenmuth. *Id.*

25. Frankenmuth disagrees that more than one "Each Cause" limit of insurance is applicable to the alleged claims and damages at issue in the Kenley Lawsuit, or any ultimate judgment arising out of the incidents and claims alleged, and seeks a determination regarding the availability of coverage and limits of insurance from this Court.

26. Frankenmuth's counsel issued a letter dated October 25, 2023 to the Kenley Plaintiffs' counsel explaining the limits of insurance available under the Policy, their application to the claims in the Kenley Lawsuit, and disagreeing with their interpretation and contentions. **Exhibit 7**.

27. Following the Kenleys Plaintiff's further amendment to their underlying complaint, By letter dated January 29, 2024, Frankenmuth further advised Legion Post 115 of its position regarding coverage and the limits of insurance available under the Policy and

5

their application to the claims at issue in the Kenley Lawsuit, and further reserved its rights. **Exhibit 8**.

28. There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to the parties' rights and obligations in connection with coverage for the claims asserted against Legion Post 115 under the Policy.

29. A judicial determination and a declaration of the rights and obligations of the parties hereto is necessary and appropriate at this time because Frankenmuth has no other adequate remedy at law which will resolve the current controversy.

## THE POLICY

30. The Policy issued to Legion Post 115 contains a Liquor Liability Coverage Part. This coverage part provides Limits of Insurance of $100,000 Each Common Cause and $200,000 Aggregate thereunder. **Exhibit 2**.

31. The Liquor Liability Coverage Part provides in pertinent part the following regarding coverage:

> **SECTION I – LIQUOR LIABILITY COVERAGE**
> **1. Insuring Agreement**
>   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "injury" to which this insurance applies if liability for such "injury" is imposed on the insured by reason of the selling, serving or furnishing of any alcoholic beverage. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "injury" to which this insurance does not apply.
>
>   We may, at our discretion, investigate any "injury" and settle any claim or "suit" that may result. But:
>
>   (1) The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and

6

  (2) Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

 No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

*  *  *

32. The Liquor Liability Coverage Part sets forth in pertinent part the following regarding limits of insurance:

**SECTION III – LIMITS OF INSURANCE**

*  *  *

1. The Limits of Insurance shown in the Declarations and the rules below fix the most we will pay regardless of the number of:

   a. Insureds;

   b. Claims made or "suits" brought; or

   c. Persons or organizations making claims or bringing "suits".

2. The Aggregate Limit is the most we will pay for all "injury" as the result of the selling, serving or furnishing of alcoholic beverages.

3. Subject to the Aggregate Limit, the Each Common Cause Limit is the most we will pay for all "injury" sustained by one or more persons or organizations as the result of the selling, serving or furnishing of any alcoholic beverage to any one person.

The Limits of Insurance of this Coverage Part apply separately to each consecutive annual period and to any remaining period of less than 12 months, starting with the beginning of the policy period shown in the Declarations, unless the policy period is extended after issuance for an additional period of less than 12 months. In that case, the additional period will be deemed part of the last preceding period for purposes of determining the Limits of Insurance.

33. The Liquor Liability Coverage Part provides the following relevant definitions:

**SECTION V – DEFINITIONS**

1. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

*  *  *

5. "Injury" means damages because of "bodily injury" and "property damage", including damages for care, loss of services or loss of support.

7

34. The Policy also contains other potentially applicable terms and conditions that do or may apply to Legion Post 115's claim for insurance coverage, which, for the sake of brevity, are adopted and incorporated as if set forth in full herein. See **Exhibit 2.**

35. One or more declarations from this Court on these issues are necessary to resolve these matters as to all interested parties.

## COUNT I – DECLARATORY JUDGMENT

36. Frankenmuth repeats and realleges the allegations set forth in paragraphs 1-35 as though fully set forth herein.

37. Frankenmuth is currently providing a defense to Legion Post 115 in the Kenley Lawsuit under the Liquor Liability Coverage Part of the Policy under a full and complete reservation of its rights.

38. No defense or indemnity is available to Legion Post 115 under any other coverage part of the Policy, including the Commercial General Liability coverage part. Coverage for liquor liability is expressly excluded thereunder.

39. Frankenmuth seeks a declaration that the maximum potential indemnity coverage available to Legion Post 115 under the Policy is the Each Common Cause limit of $100,000 under the Liquor Liability Coverage Part.

40. Specifically, the Policy states that the Each Common Cause Limit set forth in the Liquor Liability Coverage Part "is the most we will pay for all 'injury' sustained by one or more persons or organizations as the result of the selling, serving or furnishing of any alcoholic beverage to any one person." **Exhibit 6.**

41. The Kenley Lawsuit alleges that the Kenley Plaintiffs were each struck, assaulted or battered by King on or about January 1, 2022, and that each of them sustained injuries resulting from such assault and battery. **Exhibit 1**, ¶¶ 12-16.

42. The Kenley Lawsuit further alleges that Legion Post 115 and its employees were negligent in improperly and unlawfully serving alcoholic beverages to King and in the failure to provide adequate security and safety for its business invitees, which they contend was the direct and proximate cause of the Kenley Plaintiffs' injuries. **Exhibit 1,** ¶¶ 38, 42.

43. As alleged in the Kenley Lawsuit, the Kenley Plaintiffs were overserved with alcoholic beverages, and that such "negligent, willful, reckless, and wanton violation[s]" of the Indiana Dram Shop Act were the direct and proximate cause of the Kenley Plaintiffs' injuries. **Exhibit 1**, ¶¶ 44-48, 50-54.

44. As alleged in the Kenley Lawsuit. the alleged bodily injuries sustained by the Kenley Plaintiffs resulted from being struck, assaulted or battered by King.

45. As alleged in the Kenley Lawsuit, Legion Post 115's alleged liability for the Kenley Plaintiffs' injuries stems from its alleged serving of alcoholic beverages to King prior to his striking, assaulting or battering each of the Kenley Plaintiffs.

46. Accordingly, to the extent any verdict is awarded against Legion Post 115 in the Kenley Lawsuit for damages sustained by Plaintiffs, any liability for such damages arises out of one common cause, and as such is limited to a maximum limit of insurance of $100,000.

47. Beyond the foregoing, should more than one limit of insurance under the Policy be deemed to apply to the injuries sustained by the Kenley Plaintiffs as a result of Legion Post 115's serving or furnishing alcoholic beverages to King, Plaintiffs' respective

9

injuries are not sufficient to each implicate a full Each Common Cause limit of insurance, or to trigger the full Aggregate limits of insurance provided under the Policy.

48. Insurance coverage may also be limited or excluded under the Policy for the Kenley Lawsuit in whole or in part based upon other terms, definitions, exclusions, conditions and endorsements in the Policy not specifically identified herein.

49. Frankenmuth also seeks a declaration of the parties' rights and obligations, if any, for the Kenley Lawsuit under other portions the Policy to the extent necessary to support the relief requested herein, the terms, conditions, and exclusions of which are adopted and incorporated herein as if set forth in full.

WHEREFORE, Plaintiff Frankenmuth Insurance Company prays for the following relief:

1. A declaration that any indemnity coverage that may be owed for Legion Post 115 under the Policy's Liquor Liability Coverage Part is subject to the Each Common Cause limit;

2. A declaration that Legion Post 115's limits of liability under the Policy's Liquor Liability Coverage Part is subject to a maximum limit of insurance of $100,000;

3. Such other declarations and/or relief that is just and proper herein; and

4. Its reasonable attorneys' fees and costs incurred in prosecuting this action and seeking the relief requested herein.

                                            Respectfully submitted,

                                            */s/ Bradford S. Moyer*
                                            Bradford S. Moyer (#25964-49)
                                            PLUNKETT COONEY, P.C.
                                            300 N. Meridian, Suite 1250
                                            Indianapolis, IN 46204
                                            Phone: (317) 964-2738
                                            Fax: (248) 901-4040

Dated: February 5, 2024                  *Attorneys for Frankenmuth Insurance Company*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

FRANKENMUTH INSURANCE COMPANY,

    Plaintiff,

v.

AMERICAN LEGION POST 115, INC., ERICA KENLEY, and TRISTAN KENLEY,

    Defendants.

Case No.
Hon.
Magistrate Judge

_____

**INDEX OF EXHIBITS TO COMPLAINT FOR DECLARATORY JUDGMENT**

    **Exhibit 1**:    Third Amended Complaint (Underlying Action)
    **Exhibit 2**:    Frankenmuth Policy No. 6613711
    **Exhibit 3**:    August 11, 2022 Letter
    **Exhibit 4**:    October 10, 2022 Letter
    **Exhibit 5**:    July 20, 2023 and October 20, 2023 Letters
    **Exhibit 6**:    November 14, 2023 Email
    **Exhibit 7**:    October 25, 2023 Letter
    **Exhibit 8:**    January 29, 2024 Letter